United States Court of Appeals
Fifth Circuit

**F I L E D**

January 21, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 04-50880
Summary Calendar

LAKEWOOD ENGINEERING & MANUFACTURING COMPANY, INC,

Plaintiff-Appellant,

versus

AXA GENERAL INSURANCE HONG KONG LIMITED,

Defendant-Appellee.

**Appeal from the United States District Court
for the Western District of Texas
(5:03-CV-1181)**

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Lakewood Engineering & Manufacturing Company appeals the dismissal of its action for declaratory relief, which sought a determination of additional insured coverage under an insurance policy issued by AXA General Insurance Hong Kong Limited to a third entity. AXA was granted a FED. R. CIV. P. 12(b)(2) dismissal for lack of *in personam* jurisdiction. Lakewood claims AXA has sufficient minimum contacts with Texas for such jurisdiction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

AXA has its principle place of business in, and is incorporated in, Hong Kong. AXA issued a general liability policy to Defond Manufacturing Limited, also a Hong Kong corporation, for the 2002 calender year. Defond, a manufacturer of electrical switches, sold 2.7 million switches to Lakewood for installation in box fans it manufactures for sale. A 29 January 1997 purchase order, used by Lakewood to order the switches from Defond, provided, *inter alia*, that Defond would (1) indemnify Lakewood for any damages caused by defects in the switches and (2) provide a certificate of insurance naming Lakewood as an additional insured under Defond's general liability policy. Defond never provided the certificate of insurance.

In November 2002, a Texas resident died from a fire allegedly caused by a faulty Defond switch in a Lakewood fan. The decedent's estate sued Lakewood in Texas state court for wrongful death. Lakewood contends AXA owes it a defense and indemnity because the 1997 purchase order executed by Defond made Lakewood an "additional insured" under Defond's 2002 general liability policy with AXA. Lakewood filed this action in district court for declaratory relief, seeking a determination of its coverage *vel non* under the AXA policy. The district court dismissed for lack of *in personam* jurisdiction, making no findings of fact, as there were no material factual disputes.

Lakewood claims a Texas court could exercise personal jurisdiction based on either specific or general jurisdiction. We review *de novo* the district court's *in personam* jurisdiction determination. *E.g.*, **Nuovo Pignone, SpA v. STORMAN ASIA M/V**, 310 F.3d 374, 378 (5th Cir. 2002). For essentially the reasons stated by the district court, we hold AXA lacked the requisite minimum contacts necessary for courts in Texas to have *in personam* jurisdiction over AXA.

*AFFIRMED*